IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

TRAVELERS CASUALTY AND SURETY                                      PLAINTIFF(S)

VS.                                                         CIVIL ACTION NO. 2:10cv285-KS-MTP

SPENCER COPELAND, ET AL                                            DEFENDANT(S)

## RICO NOTICE

In this action, claims have been asserted under the Racketeer Influenced and Corrupt Organization Act ("RICO"), 18 U.S.C. § 1961. Under the current practice of the presiding judge, all parties filing RICO claims must file a RICO statement conforming to this Notice.

The Plaintiff shall file, within twenty (20) days hereof, a RICO case statement. This statement shall include the facts the Plaintiff is relying upon to initiate this RICO complaint as a result of the "reasonable inquiry" required by Federal Rule of Civil Procedure 11. This statement shall be in a form which both uses the numbers and letters as set forth below, and states in detail and with specificity the following information:

1. State whether the alleged unlawful conduct is in violation of 18 U.S.C. §§ 1962(a), (b), (c), and/or (d).

2. List each Defendant and state the alleged misconduct and basis of liability of each Defendant.

3. List the alleged wrongdoers, other than the Defendant(s) listed above, and state the alleged misconduct of each wrongdoer.

4. List the alleged victims and state how each victim was allegedly injured.

5. Describe in detail the pattern of racketeering activity or collection of unlawful debts alleged for each RICO claim. A description of the pattern of racketeering shall include the following information:

    a. List the alleged predicate acts and the specific statutes which were allegedly violated;

    b. Provide the dates of the predicate acts, the participants in the predicate acts, and a description of the facts surrounding the predicate acts;

    c. If the RICO claim is based on the predicate offenses of wire fraud, mail fraud, or fraud in the sale of securities, the "circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). Identify the time, place and contents of the alleged misrepresentations, and the identity of persons to whom and by whom the alleged misrepresentations were made;

    d. State whether there has been a criminal conviction for violation of the predicate acts;

    e. State whether civil litigation has resulted in a judgment in regard to the predicate acts;

    f. Describe how the predicate acts form a "pattern of racketeering activity"; and

    g. State whether the alleged predicate acts relate to each other as part of a common plan. If so, describe in detail.

6. Describe in detail the alleged enterprise for each RICO claim. A description of each enterprise shall include the following information:

2

   a. State the names of the individuals, partnerships, corporations, associations, or other legal entities, which allegedly constitute the enterprise;

   b. Describe the structure, purpose, function and course of conduct of the enterprise;

   c. State whether any Defendants are employees, officers or directors of the alleged enterprise;

   d. State whether any Defendants are associated with the alleged enterprise;

   e. State whether you are alleging that the Defendants are individuals or entities separate from the alleged enterprise, or that the Defendants are the enterprise itself, or are members of the enterprise; and

   f. If any Defendants are alleged to be either the enterprise itself or members of the enterprise, explain whether such Defendants are perpetrators, passive instruments, or victims of the alleged racketeering activity.

7. State whether you are alleging that the pattern of racketeering activity and the enterprise are separate or have merged into one entity. In either event, describe in detail.

8. Describe the alleged relationship between the activities of the enterprise and the pattern of racketeering activity. Discuss how the racketeering activity differs from the usual and daily activities of the enterprise, if at all.

9. Describe what benefits, if any, the alleged enterprise receives from the alleged pattern of racketeering.

10. Describe the effect of the activities of the enterprise on interstate or foreign commerce.

11. If the complaint alleges a violation of 18 U.S.C. § 1962(a), provide the following information:

      a. State who received the income derived either from the pattern of racketeering activity or through the collection of an unlawful debt; and

      b. Describe the use, investment or locus of such income.

12. If the Complaint alleges a violation of 18 U.S.C. § 1962(b), describe in detail the acquisition or maintenance of any interest in or control of the alleged enterprise.

13. If the complaint alleges a violation of 18 U.S.C. § 1962(c), provide the following information:

      a. State who is employed by or associated with the enterprise; and

      b. State whether the same entity is both the liable "person" and the "enterprise" under § 1962(c).

14. If the complaint alleges a violation of 18 U.S.C. § 1962(d), describe in detail the alleged conspiracy.

15. Describe the direct causal relationship between the alleged injury and the violation of the RICO statute.

16. List the actual damages for which Defendant is allegedly liable.

17. List all other federal causes of action, if any, and provide citations to the relevant statute(s).

18. List all pendent state claims, if any.

19. Provide any additional information that you feel would be helpful to the Court in considering your RICO claim.

    This the _3_ day of _Dec._, 20_10_.

                                    UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF
MISSISSIPPI

BY: J. T. NOBLIN, CLERK OF COURT


BY: _____, D.C.